CHESTER S. WOODWORTH *vs.* JOHN J. SHUGRUE.

Hampden.     September 17, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Sale*, Warranty. *Evidence*, Competency. *Practice, Civil*, Exceptions.

Where, at the trial of an action for the price of tires sold to the defendant, in which the defendant set up the defence of a breach of warranty by the plaintiff, an agent of the plaintiff testified in cross-examination by the defendant that he effected the sale to the defendant and guaranteed the tires for one year under the "standard warranty" of a certain manufacturer of tires, there was no error in permitting the witness in redirect examination to read to the jury a paper containing the terms of the "manufacturer's standard warranty," which contained provisions different from those he previously had testified to, even though the paper was first shown the witness merely to refresh his memory and no such paper was read or shown when the contract with the defendant was made, and notwithstanding subsequent testimony by the witness to the effect that he did not remember saying anything about guaranteeing the tires under the standard warranty at the time when the contract was made.

CONTRACT for the price of tires sold by the plaintiff to the defendant. Writ in the District Court of Springfield dated October 1, 1930.

Upon removal to the Superior Court, the action was tried before *Macleod*, J.

An agent of the plaintiff, having testified that he sold the tires to the defendant, testified in cross-examination as follows:

"Q. And you told him you would guarantee the tires for a year? A. Under the standard warranty; yes, sir. — Q. Under the warranty? A. Yes, sir. . . . Q. And you made the same warranty there, for one year? A. Absolutely. — Q. No conditions upon that at all? A. No, sir. — THE JUDGE: What is that? A. Under the standard tire warranty. . . : Q. You told him at the time of the sale if the tires didn't stand up you would make them good; would replace them, when you gave him the guaranty? A. Guar-

anty under the warranty. — Q. Yes. If they didn't stand up a year you would replace them? A. Under the tire warranty. — THE JUDGE: Under the Kelly standard warranty? A. Yes, sir. . . ." On redirect examination the agent testified as follows: "Q. . . . this paper which I show you [showing] contains the wording of the warranty you have referred to? A. It does. — Q. And what was that warranty that you gave Mr. Shugrue? A. Manufacturers' standard warranty for pneumatic tires. — THE DEFENDANT's COUNSEL: Just a moment before he offers that, your Honor. I object to the use of that unless it was used at the time of the sale. — THE JUDGE: I don't know whether — if it is merely given to the witness for the purpose of refreshing his recollection? THE PLAINTIFF's COUNSEL: That was it. THE JUDGE: All right. You may use it for that purpose. THE DEFENDANT's COUNSEL: Not as binding on what he said at the time of the sale. THE JUDGE: What is that? THE DEFENDANT's COUNSEL: But that isn't binding as to anything he said at the time of the sale. THE JUDGE: What do you mean it isn't binding? For the purpose of having the witness testify as to precisely what was said at the time of the sale in the nature of a warranty, it is proper for that purpose. — Q. Now will you read to the jury what that warranty was? — THE DEFENDANT's COUNSEL: Save my exception. — A. 'Manufacturers' standard warranty for pneumatic tires. Every pneumatic tire of our manufacture bearing our name and serial number is warranted by us against defects in material and workmanship during the life of the tire, to the extent that if any tire fails because of such defect we will either repair the tire or make a reasonable allowance on the purchase of a new tire. Kelly-Springfield Tire Company.' . . . Q. Now, in the warranty you gave to Mr. Shugrue was there any change from the wording of the standard warranty you have just read? A. Yes, sir. — Q. And what was that change? A. We told him it would be for one year, for the simple reason that other tire companies were doing the same thing at the time, and he brought the point up and asked me if I would. — Q. So it was one year instead of for the life of the tire?

A. The warranty of the tire. . . ." On recross-examination, the agent testified as follows: "Q. But you sold them under exactly the conditions you told me on cross examination? A. I sold him under the guaranty — the warranty, the standard warranty of the tire; yes, sir. — Q. But you read him no such paper as you are reading? Did you show him any such paper? A. No, sir. . . . THE JUDGE: Just a moment. Just how is this matter? Just state all you said over to Mr. Shugrue as to the warranty that you were giving. A. Mr. Shugrue asked me if I would guarantee the tires for a year. I told him I would under — guarantee them under the warranty for one year. — THE JUDGE: You would what? A. Guarantee the tires for a year; that is, guarantee service on them for a year. — THE JUDGE: Did you say anything about guaranteeing them under the standard warranty at the time? A. I don't remember, sir."

The defendant's testimony is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,000. The defendant alleged an exception.

The case was submitted on briefs.

*E. J. Stapleton,* for the defendant.

*W. G. Brownson,* for the plaintiff.

SANDERSON, J. This is an action for the price of tires sold by the plaintiff to the defendant. One of the defences set up was that the plaintiff guaranteed the tires for one year and that the defendant owed the plaintiff nothing because the tires did not give the service guaranteed and because they were not replaced with proper and good tires as agreed. The plaintiff, having testified that he guaranteed the tires for one year under the Kelly standard warranty and that if the tires did not stand up for one year he would replace them, was shown a paper which he said contained the wording of the warranty to which he had referred. He was then permitted to read to the jury the terms of this warranty as follows: "Manufacturers' standard warranty for pneumatic tires. Every pneumatic tire of our manufacture bearing our name and serial number is warranted by us against defects in material and workmanship during the life of the tire, to the

extent that if any tire fails because of such defect we will either repair the tire or make a reasonable allowance on the purchase of a new tire. Kelly-Springfield Tire Company." Because of the testimony introduced before the terms of warranty were stated, the introduction of the evidence to which objection was made was not reversible error, even though the paper was first shown the witness to refresh his memory and no such paper was read or shown when the contract was made and notwithstanding the testimony of the plaintiff later given to the effect that he did not remember saying anything about guaranteeing the tires under the standard warranty at the time.

The defendant testified that the tires were sold with a warranty that the plaintiff would guarantee them for one year and that by reason of the breach of this warranty the tires were worth nothing. It was for the jury to say whether a warranty was made with terms like those contained in the paper but with a limitation of the warranty to one year or whether because of the later testimony of the plaintiff and the defendant a warranty in different terms was made.

*Exception overruled.*